## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

FRANK J. THACKER,

        Petitioner,    :    Case No. 1:22-cv-572

  - vs -        District Judge Jeffery P. Hopkins
                Magistrate Judge Michael R. Merz

WARDEN, North Central
  Correctional Complex

                           :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Frank Thacker pursuant to 28 U.S.C. § 2254, is before the Court on Petitioner's Objections ("Objections," ECF No. 32) to the Magistrate Judge's Amended Report and Recommendations ("Report," ECF No. 29). District Judge Hopkins has recommitted the case for reconsideration in light of the Objections (ECF No. 33).

This Supplemental Report and Recommendations was originally filed in Thacker's other pending habeas corpus case, 1:21-cv-704. It has been withdrawn in that case and is now being re-filed here. Petitioner's time to object runs for seventeen days from October 27, 2023, or until November 13, 2023, and is hereby *sua sponte* extended to and including December 1, 2023.

1

# Analysis

**Ground One:  Insufficiency of the Evidence**

In his First Ground for Relief, Petitioner asserts he was convicted of rape and abduction on insufficient evidence.  Respondent concedes this claim is preserved for merits determination in habeas, but asserts this Court is bound by 28 U.S.C. § 2254(d) to defer to the state courts' decision on this claim.  The Report found the Ohio Fourth District Court of Appeals decided this claim on the merits and its decision was neither contrary to nor an objectively unreasonable application of the governing Supreme Court precedent, *Jackson v. Virginia*, 443 U.S. 307 (1979), and *In re Winship*, 397 U.S. 358 (1970).

Petitioner agrees that *Jackson* and *Winship* used to be the controlling precedent, but asserts *Jackson* was somehow modified by adoption of § 2254(d).  That statute was part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").  The Magistrate Judge is unaware of any Supreme Court case since 1996 suggesting that AEDPA modified *Jackson.*

The Magistrate Judge agrees with Petitioner that *Jackson* claims present mixed questions of law and fact.  As *Winship* holds, it is a question of law what the elements of any particular crime are, Ohio state law in this case.  Once that is established, it is a question of fact whether the State has presented sufficient evidence to prove each of those elements.  Specifically, the question in habeas is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt." *Jackson*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020)(quoting *Jackson*).

Petitioner notes that the Fourth District Court of Appeals did not cite either *Jackson* or *Winship* (Objections, ECF No. 32, PageID 1079). Instead, that court relied on *State v. Jenks*, 61 Ohio St. 3d 259 (1991). But *Jenks* expressly recognized the applicability of *Jackson* to cases tried in Ohio. It is not uncommon for Ohio appellate courts to cite decisions of their immediately superior appeals court, the Ohio Supreme Court, instead of the United States Supreme Court when the Ohio Supreme Court has recognized binding precedent from the higher court. That is what happened here: *Jenks* applies the *Jackson* standard, so the Fourth District's decision in this case is not contrary to *Jackson*.

Nor does the Fourth District's conclusion on the facts violate 28 U.S.C. § 2254(d)(2). Based on the facts of record recited by the Fourth District, a rational juror could quite reasonably have found Petitioner guilty of rape and abduction. While Petitioner emphasizes questions about the victim's eyewitness testimony, that is hardly surprising in a stranger rape case where the offense occurred twenty years before trial.

Petitioner's principal attack is on the DNA evidence. He does not deny that a witness found to be competent by the trial court matched DNA samples from the victim's vagina and rectum to Petitioner's DNA. However, he contends the technology used is outdated and inconclusive. He asserts the acid phosphatase spot test was used for the identification. However, he gives no record reference to prove that supposed fact, although the Court's Order for Answer requires pinpoint record references in all filings after the State Court Record has been made available (See ECF No. 4, PageID 24). He cites several scholarly articles on the inadequacies of the acid phosphatase spot test, but none of them were cited to the Fourth District nor was any

3

argument about the supposed inadequacy of the test made to that court. (See Appellant's Brief, State Court Record, ECF No. 20, Ex. 14). This Court cannot consider factual evidence not presented to the state courts which made a decision on the merits. *Cullen v. Pinholster,* 563 U.S. 170 (2011); *Shinn v. Ramirez*, 596 U.S. ___, 142 S.Ct. 2037 (2022). That is to say, however much the conclusions in this literature might undermine the conclusiveness of the acid phosphatase spot test, this Court cannot consider it because Thacker did not present it for consideration by the Ohio courts.

In sum, Petitioner's objections as to Ground One are without merit and should be overruled.

**Ground Three: Denial of the Right to a Speedy Trial**

In his Third Ground for Relief, Petitioner claims he was denied his constitutional right to a speedy trial when the offenses occurred in December 1999, in this case but he was not arrested, indicted, and tried until May, 2018. The Report concluded that the Fourth District's decision of this claim on the merits was neither contrary to nor an objectively unreasonable application of the controlling Supreme Court precedent, *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972), and therefore was entitled to deference under 28 U.S.C. § 2254(d).

The Objections remind the Court of *Doggett v. United States*, 505 U.S. 647 (1992), where the Court held delay is presumptively prejudicial where the **post-accusation** delay approaches one year. However, the speedy trial argument in the state courts was about pre-indictment, that is to say **pre-accusation**, delay. In fact the State proceeded very promptly once the DNA identification had been made.

Thacker argues "it is inconceivable to think the Magistrate could imagine there is no

4

prejudice when considering the the [sic] length of the delay and prejudice to Petitioner." The federal habeas court is not authorized to speculate what prejudice Petitioner might have suffered, but the Fourth District found Thacker had not proven any prejudice. The question is not what prejudice the Magistrate Judge might imagine, but whether the finding that Petitioner proved no prejudice is a reasonable finding, given the evidence presented. The Objections point to no evidence of actual prejudice. Petitioner's Objections on Ground Three should therefore be overruled.

**Ground Four: Ineffective Assistance of Trial Counsel**

In his Fourth Ground for Relief, Petitioner claimed he had been denied his Sixth Amendment right to the effective assistance of counsel, raising five separate sub-claims. Only one of those – failure to bring forward Thacker's prior felony arrests to show he should have been identified earlier -- was raised on direct appeal and rejected by the Fourth District which applied the governing Supreme Court precedent, *Strickland v. Washington,* 466 U.S. 668 (1984). The Report concluded this was not an unreasonable application of *Strickland* and recommended the ineffective assistance of trial counsel claims be dismissed (Report, ECF No. 29, PageID 1069). The other four sub-claims were found procedurally defaulted because they were never presented to the state courts. (As to procedural default, see below).

Petitioner objects

> DNA is collected after every felony arrest. It is entered into CODIS and tests are constantly running to find matches to cold cases. The fact it took almost twenty (20) years to find a DNA "match" should have been challenged prior to trial and explained to the Jury as prejudicial and incomprehensible.

5

(Objections, ECF No. 32, PageID 1083). The Fourth District's opinion refutes the premise of Thacker's claim:

> {¶59} The state argues that the statutory provision requiring DNA collection from persons arrested for felonies applied only to persons arrested for felony offenses on or after July 1, 2011. Thacker's prior felony arrests were before 2011 and all were dismissed prior to trial.

*State v. Thacker,* 2021-Ohio-2726 (Ohio App. 4th Dist. Aug. 5, 2021). Thacker offers nothing in his Objections to refute this legal finding by the Fourth District that Thacker's DNA would not have been in the CODIS database because all of his prior felony arrests were before 2011.

As a general matter, it is difficult to conceive how a defense attorney could be found ineffective for failure to let a jury know that his non-testifying client had three prior felony arrests. Keeping such information about "priors" from a jury is a principal reason why good defense counsel try to persuade their clients not to testify. Petitioner's objections to denial of his first sub-claim of ineffective assistance of trial counsel should be overruled.

**Procedural Default**

The Report found the remaining claims of ineffective assistance of trial counsel and the other Grounds for Relief had been procedurally defaulted by failure to fairly present them to the Ohio courts. Thacker objects:

> The Magistrate declines to address the remaining arguments, finding them procedurally defaulted. Standing on the arguments as presented in each of the preceding documents Petitioner has submitted, Petitioner contends each argument rises to the level of a manifest injustice. As such, they should be addressed as having overcome the procedural bar.

(Objections, ECF No. 32, PageID 1084).

The Magistrate Judge assumes Petitioner intends to invoke the "miscarriage of justice" exception to procedural default by claiming "manifest injustice." Proof of a "miscarriage of justice" will excuse a procedural default, but such proof requires a compelling showing of actual innocence. *Calderon v. Thompson*, 523 U.S. 538, 557-58 (1998) (holding that "avoiding a miscarriage of justice as defined by our habeas corpus jurisprudence" requires "a strong showing of actual innocence"). Petitioner has not made or even attempted to make a showing of actual innocence, so he does not qualify for the miscarriage of justice exception. If he intends something else by claiming a manifest injustice would result from failure to review his other claims on the merits, the Court is unaware of any precedent recognizing such an exception to the procedural default doctrine.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge respectfully recommends that the Objections be overruled and the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 26, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
