IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

FRANK J. THACKER,

        Petitioner,    :    Case No. 1:22-cv-572

- vs -                          District Judge Jeffery P. Hopkins
                                      Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional
  Institution,

                                     :
        Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Frank Thacker under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 37) to the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 36) which reiterated the recommendation for dismissal made in the Amended Report and Recommendations (ECF No. 29). District Judge Hopkins has recommitted the case for reconsideration in light of the most recent Objections (ECF No. 38).

**First Objection: Sufficiency of the Evidence and Actual Innocence**

The previous Reports have found many of Petitioner's Grounds for Relief procedurally defaulted by Petitioner's failure to fairly present them to the Ohio courts. Petitioner's first objection focuses on overcoming procedural default by showing his actual innocence which he

1

acknowledges must be shown by new evidence not considered by the jury (ECF No. 37, PageID 1099).

Petitioner argues he has presented such new evidence on the unreliability of the acid phosphatase spot test used at his trial. *Id.* at PageID 1099.  In the Supplemental Report to which these Objections are directed, the Magistrate Judge noted that Petitioner had given no record reference to prove this particular test was used to analyze the DNA evidence (Supp. R&R, ECF No. 36, PageID 1092).  The current Objections do nothing to correct that omission, despite Petitioner's strong reliance on the asserted unreliability of that test.

In an effort to show he has presented "new evidence," Thacker asserts "the cases cited by Mr. Thacker thus far to support the proposition the AP spot test is unreliable were decided after his case."  The case citations in question are made in the original Objections (ECF No. 32, PageID 1081-82).  The seven cited decisions were handed down in 2021, 2023, 2018, 2023, 2020, 2008, and 1984 respectively.  Thacker was convicted July 10, 2019 (Verdict, State Court Record, ECF No. 20, Ex. 9), so only some of these cases were decided after Thacker's conviction.  Newly cited in the current Objections is *United States v. Herrera*, 704 F.3d 480 (7th Cir. Jan. 9, 2013), which obviously predates the conviction by more than six years.

The scholarly articles on which Thacker relies are fully cited as follows:  DeFranco & Imwinkelried, Forensic Science: The Role of the Acid Phosphatase Spot Test in Sexual Assault Prosecutions, 48 Crim. L. Bull. 195,195-96 (2012); Chen & Hortin, Interferences with Semen Detection by an Immunoassay for a Seminal-Vesicle-Specific Antigen, 45 J. Forensic Sci. 234 (2000); and Garrett and Neufeld, Invalid Forensic Science Testimony and Wrongful Convictions, 95 Va. L. Rev. 1 (2009).  As can be seen, only one of the three was published after Thacker's conviction.  Thus most of what Thacker presents as criticism of the acid phosphatase test was

2

available to be presented at trial or on direct appeal[1], but none was presented.

More to the point, neither case law nor scholarly articles constitute new **evidence**. Instead, they represent the opinions of judges and scholars when they have considered certain other bodies of evidence, not the evidence presented to the jury in this case. Finally, the authority cited does not suggest the acid phosphatase test is invalid but only that it is inconclusive. It is not the sole evidence linking Thacker to the rape in suit, but only part of the State's case.

**Second Objection: Speedy Trial and Actual Prejudice**

In his Third Ground for Relief, Thacker asserts he was denied his constitutional right to a speedy trial by the delay in indicting him from December 1999 when the offenses happened to May 2018 when he was arrested. The Fourth District Court of Appeals found that a defendant complaining of pre-indictment delay was required to show actual prejudice and Thacker had not done so.

> {¶41} Thacker makes broad, speculative claims that witnesses' memories have faded and an investigator and "possibly" other witnesses have died. "But the possibility that memories will fade, witnesses will become inaccessible, or evidence will be lost is not sufficient to establish actual prejudice." *Adams* at ¶ 105; *State v. Lewis*, 4th Dist. Athens No. 00CA10, 2001-Ohio-2496 (the mere allegation of faded memory does not rise to the particularized demonstration of prejudice necessary to constitute an unconstitutional pre-accusation delay; defendant must provide concrete proof that he will suffer actual prejudice at trial as a result of the government's delay in indicting the defendant). And, although he claims that an investigator died, he failed to identify what exculpatory testimony the investigator might have offered and thus has not established actual prejudice. "The death of a potential witness during the preindictment period can constitute prejudice, but only if the defendant can identify exculpatory evidence that was lost and show that the exculpatory evidence could not be obtained by

---

[1] Thacker's Brief on appeal was filed November 2, 2020 (State Court Record, ECF No. 20, Ex. 14, PageID 161).

other means." *Adams* at ¶ 103.

*State v. Thacker,* 2021-Ohio-2726 (Ohio App. 4th Dist. Aug. 5, 2021). The Report found this factual conclusion -- that Thacker had proved no actual prejudice -- was entitled to deference under 28 U.S.C. § 2254(d)(2). In the current Objections, Thacker offers an extended analysis of what "actual prejudice" means under Ohio Supreme Court case law. That argument is unavailing. A habeas petitioner must show that a state court decision is contrary to or an objectively unreasonable application of clearly established United States Supreme Court precedent. 28 U.S.C. § 2254(d)(1). In the relevant U.S. Supreme Court precedent, the Court held that a defendant indicted within the statute of limitations was required to show actual prejudice. *United States v. Marion*, 404 U.S. 307 (1971). Thacker acknowledges that *Marion* is the controlling precedent (ECF No. 37, PageID 1102).

Thacker relies on the decision of the Ohio Eighth District Court of Appeals in *State v. Kafantaris*, 2018-Ohio-1397 (Apr. 12, 2018). The Eighth District, applying *Marion*, held Kafantaris had shown actual prejudice from the loss of many related files. It also found the State had identified the defendant at the time of the offense, but had not then proceeded. Finally, the sole issue in the case was consent. In this case Thacker was not identified until shortly before he was indicted and it was a stranger rape where consent was not the issue. *Kafantaris* is therefore inapposite and the Fourth District's finding of no actual prejudice is entitled to deference.

**Ground Four - Ineffective Assistance of Counsel**

In his Fourth Ground for Relief, Petitioner claims he was denied his Sixth Amendment right to the effective assistance of counsel, raising five separate sub-claims of ineffective assistance

4

of trial counsel.

Only the first of these – failure to present the jury with Thacker's prior felony convictions – was actually raised on direct appeal and rejected by the Fourth District upon a finding as a matter of fact that Thacker's premise – that his DNA would have been in the CODIS database as a result of those convictions – was mistaken because his prior arrests occurred before recording DNA samples was adopted. *State v. Thacker,* 2021-Ohio-2726, ¶ 59. Thacker has not refuted that finding and the Magistrate Judge stands on his prior recommendation to defer to the Fourth District's decision as a reasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984). That is because, in the absence of Thacker's DNA in the CODIS database, it would certainly no be deficient performance for a defense lawyer to fail to disclose prior felony convictions of his client.

As to the remaining ineffective assistance of trial counsel claims, Thacker relies on *Shinn v. Ramirez,* 596 U.S. 366 (2022), for the proposition that "ineffective assistance of state post-conviction counsel may constitute "cause" to forgive procedural default of a trial-ineffective-assistance claim, but only if the State requires prisoners to raise such claims for the first time during state collateral proceedings."

In *White v. Warden*, 940 F. 3d 270 (2019), the Sixth Circuit recognized the distinction in Ohio law between ineffective assistance of trial counsel claims which can be decided on direct appeal because the relevant evidence is in the appellate record and ineffective assistance of trial counsel claims which necessarily rely on evidence outside the record. In *White* direct appeal counsel had advised White that the appellate record was sufficient to prove ineffective assistance of trial counsel, but it was not. By the time the appellate court there decided the appellate record was insufficient to decide the ineffective assistance of trial counsel claim, it was four months too

5

late for White to file a petition for post-conviction relief.

In this case we must first distinguish the ineffective assistance of trial counsel claims which could have been brought on direct appeal and those which required a post-conviction petition. The four undecided ineffective assistance of trial counsel claims are that trial counsel (2) failed to object to inflammatory questioning and statements by the prosecutor; (3) failed to contradict State's medical "expert" and failed to challenge State's medical "expert' regarding "hymen" testimony during cross-examination; (4) failed to introduce photos of Appellant or his vehicle in order to directly contradict the claims of Complainant; and (5) failed to investigate and examine each juror about the deliberations and what effect the dismissed juror may have actually had.

Sub-claims (2) and (5) could have been raised on direct appeal because the relevant conduct of trial counsel would have appeared in the trial record. Consideration of those claims in a post-conviction proceeding under Ohio Revised Code § 2953.21 would have been barred by Ohio's criminal *res judicata* doctrine enunciated in *State v. Perry*, 10 Ohio St. 2d 175 (1967), which has repeatedly been held to be an adequate and independent grounds of state decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). Should Thacker assert it was ineffective assistance of appellate counsel to fail to raise these claims on direct appeal, that claim will not serve as cause to excuse failure to raise these assignments of error, because ineffective assistance of appellate counsel can only serve as excusing cause if it is itself not procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446 (2000). Thacker defaulted any such claims by not including them in his 26(B) Application.

Sub-claims (3) and (4) would appear to depend in substantial part on evidence outside the trial record. Thacker hypothesizes some medical expert who would have contradicted the State's expert testimony about hymen tearing and some photographs of himself and/or the vehicle he was usually driving at the time of the offenses which would have impeached the identification testimony. But just as this evidence is missing from the trial record and thus could not be the basis of direct review, it is also missing from the post-trial record. Ohio provides a vehicle for presenting such evidence: the petition for post-conviction relief under Ohio Revised Code § 2953.21. But Petitioner never filed such a petition and the time for doing so has long since expired.

**Conclusion**

Having reconsidered the case in light of Petitioner's Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 8, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

7

objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>United States Magistrate Judge