# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

FRANK J. THACKER,

        Petitioner,        :        Case No. 1:22-cv-572

  - vs -                            District Judge Jeffery P. Hopkins
                                      Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional
  Institution,

                                      :
        Respondent.

## THIRD SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This habeas corpus case, brought *pro se* by Petitioner Frank Thacker under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 42) to the Magistrate Judge's Second Supplemental Report and Recommendations (ECF No. 39) which reiterated the recommendation for dismissal made in the Amended Report and Recommendations (ECF No. 29) and the Second Supplemental Report and Recommendations (ECF No. 39).  District Judge Hopkins has recommitted the case for reconsideration in light of the most recent Objections (ECF No. 43).

      Having reconsidered the case in light of these Objections, the Magistrate Judge stands on his prior recommendation.

**Actual Innocence**

      Thacker relies on the actual innocence exception to procedural default recognized by the Supreme Court in *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013).  Prior Reports pointed out

that Thacker has not presented any new evidence of actual innocence, but rather court opinions and scientific journal articles criticizing the reliability or conclusiveness of the scientific test used in his case. That does not constitute new **evidence**. And the fact that a test is not conclusive does not mean it is insufficient under *Jackson v. Virginia*, 443 U.S. 307 (1979). For example, eyewitness identification is sufficient, even though it is not conclusive.

**Pre-Indictment Delay**

Petitioner claims he was denied his speedy trial right when the offenses in this case occurred in December 1999 and he was not arrested until May 2018. This is a stranger rape case – Thacker was not known to his victim at the time the offenses occurred and was not identified as a possible suspect until shortly before he was arrested.

Under these circumstances, a defendant must prove actual prejudice to his case resulting from the delay. Applying that standard, the Ohio Fourth District Court of Appeals found Petitioner had not shown actual prejudice. *State v. Thacker,* 2021-Ohio-2726 (Ohio App. 4th Dist. Aug. 5, 2021). The controlling United States Supreme Court precedent is *United States v. Marion*, 404 U.S. 307 (1971), which Thacker acknowledges is the controlling precedent (ECF No. 37, PageID 1102). He offers an extended discussion of the meaning of "actual prejudice," but no facts of record to overcome the presumption of correctness of the Fourth District's conclusion.

**Ineffective Assistance of Trial Counsel**

Petitioner's claim of ineffective assistance of trial counsel has four sub-claims. The first

2

of these was raised on direct appeal and rejected by the Fourth District. Thacker has not shown that decision was an unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984). The reasons why the remaining sub-claims are procedurally defaulted and why *Shinn v. Ramirez*, 596 U.S. 366 (2022), does not provide excusing cause are thoroughly discussed in the Second Supplemental Report and do not require repetition in light of the instant Objections.

**Conclusion**

Having reconsidered the case in light of the instant Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 5, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.