UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FRANK J. THACKER,                           :
                                            :
        *Petitioner*,                       :
                                            :        Case No. 1:22-cv-572
        v.                                  :
                                            :        Judge Jeffery P. Hopkins
                                            :
WARDEN, NOBLE CORRECTIONAL                  :
INSTITUTION,                                :
                                            :
        *Respondent*.                       :

---

## ORDER ADOPTING REPORT AND RECOMMENDATION

---

This case is before the Court on Petitioner Frank J. Thacker's Objections (ECF Nos. 32, 37, 42, and 47) to the Magistrate Judge's Reports and Recommendations (ECF Nos. 29, 36, 39, and 44).  As required by 28 U.S.C. § 636(b)(3), the Court has reviewed the case *de novo* with particular attention to the issues raised by the Objections.

I.      **BACKGROUND**

On May 23, 2018, a Lawrence County Grand Jury indicted Thacker on three counts of rape by use of force in violation of Ohio Revised Code § 2907.02(A), one count of kidnapping in violation of Ohio Revised Code § 2905.0l(A)(4)(1), and one count of abduction in violation of Ohio Revised Code § 2905 .02(A)(l )(B), all occurring December 22, 1999, with the same victim, a female whose initials are A.S.[1] (Indictment, State Court Record, ECF No. 20, Ex. 1). Thacker moved to dismiss the Indictment on speedy trial grounds which the trial court denied (State Court Record, ECF No. 20, Exs. 3, 5, and 6). A jury found Thacker guilty of two counts of rape and on the kidnapping and abduction counts. *Id.* at Ex. 9. Thacker was

---

[1] The victim's full name is used in the Indictment.  Her initials are used here to protect her privacy.

sentenced to an aggregate term of imprisonment of thirty years to run consecutively to his twenty-seven-year sentence in another rape conviction case (involving a different victim) in the Common Pleas Court of Lawrence County, Ohio, in Case No. 18-CR-59, for a total of fifty-seven years. *Id.* at Ex. 10.

Thacker appealed to the Ohio Fourth District Court of Appeals pleading the following assignments of error:

> Appellant's convictions for rape, kidnapping, and abduction were against the manifest weight of the evidence.
>
> The trial court abused its discretion when it denied Appellant's Motion for a Dismissal of the indictment against him.
>
> A mistrial should have been declared due to misconduct of a juror for failing to disclose her relationship to the alleged victim of the case.
>
> Appellant's counsel was ineffective in his representation of the Appellant.
>
> Cumulative Errors committed during Appellant's trial deprived him of a fair trial and require a reversal of his convictions.

(Appellant's Brief, State Court Record 20, Ex. 14, PageID 163). Upon review, the conviction was affirmed. *State v. Thacker,* 2021-Ohio-2726 (Ohio App. 4th Dist. Aug. 5, 2021). Thacker then appealed to the Supreme Court of Ohio which declined to exercise jurisdiction. *State v. Thacker,* 165 Ohio St.3d 1445 (2021).

On November 1, 2021, Thacker filed an Application to Reopen his direct appeal under Ohio R. App. P. 26(B) claiming ineffective assistance of appellate counsel due to his attorney's failure to claim ineffective assistance of trial counsel for failure to investigate and raise an alibi defense (State Court Record, ECF No. 20, Ex. 21). The Fourth District denied the Application on the merits and Thacker did not appeal to the Supreme Court of Ohio. *Id.* at

Ex. 22.

On October 3, 2022, Thacker filed a second 26(B) application. *Id.* at Ex. 23. The Fourth District dismissed the application, however, because Ohio only allows one such application. *Id.* at Ex. 25.  Thacker then filed his habeas corpus application in this Court pleading the following grounds for relief:

> **Ground One**: Petitioner's convictions are against the sufficiency of the evidence, in violation of the Due Process Clause of the 14th Amendment.
>
> **Supporting Facts:** Complainant gave inconsistent testimony concerning the alleged assault. There were inconsistencies between Complainant and key witness testimonies-Neither witness could positively identify Petitioner in a photo lineup.
>
> **Ground Two**: Petitioner was deprived of his Sixth Amendment Right to an impartial jury due to juror misconduct.
>
> **Supporting Facts**: Juror 12 informed the Trial Court she knew Complainant shortly after the Jury was released for deliberations.  She had participated in initial jury deliberations and had expressed an opinion about the case. Juror 12 was dismissed and replaced with an alternate. The Trial Court separated and interviewed each juror and determined Juror 12 had not provided additional evidence and did no[t] affect the jury's feelings. The Trial Court denied, twice, the Motion for Mistrial.
>
> **Ground Three**: Petitioner was denied his right to a Speedy Trial in violation of both the Speedy Trial Act and the 6th Amendment.
>
> **Supporting Facts:** The alleged crimes occurred in December of 1999, but Petitioner was not indicted and arrested until May of 2018.
>
> **Ground Four**: Defense Counsel was ineffective, denying Petitioner of his rights under the 4th, 5th, 6th, and 14th Amendments.
>
> **Supporting Facts:** Trial Counsel failed to bring to the Trial Court's attention that he had a client with 3 felony indictments

in the past, from which DNA was collected and failed to object to improper and inflammatory questioning and statements by the prosecutor.

(ECF No. 1).

Before the Warden answered, Thacker filed an Amended Complaint (ECF No. 15) which pleads the following grounds for relief:

> **Ground One**: The evidence was insufficient to uphold Appellant's conviction of rape, kidnapping, and abduction and the convictions were against the manifest weight of the evidence.
>
> **Ground Two**: The Trial Court abused its discretion when it denied Petitioner's Motion to Dismiss the indictment.
>
> **Ground Three**: A mistrial should have been declared due to a juror failing to disclose their relationship to Complainant.
>
> **Ground Four**: Petitioner received the ineffective assistance of trial counsel.
>
> i. Trial Counsel failed to present an expert witness to contradict State's medical "expert" and failed to challenge State's medical "expert' regarding "hymen" testimony during cross-examination.
>
> ii. Trial Counsel failed to introduce photos of Appellant or his vehicle in order to directly contradict the claims of Complainant.
>
> iii. Trial Counsel failed to investigate and examine each juror about the deliberations and what effect the dismissed juror may have actually played. (sic)
>
> **Ground Five**: The State did not comply with Criminal Rule 16(K) as it pertains to the State's "expert" witnesses; the Trial Court erred by allowing them to be qualified as "experts"; and Trial Counsel was ineffective for not objecting to their admission as "experts".
>
> **Ground Six**: The State's DNA evidence was inadmissible due to chain of custody issues. Further, it was not subjected to competent adversarial testing by Trial Counsel.

> **Ground Seven**: Appellant was denied due process by the repeated and persistent acts of prosecutorial misconduct by the State.
>
> **Ground Eight**: Appellant was deprived of a fair trial when he appeared before the jury after being denied basic necessities, such as a shower and shave, until after *voir dire*.
>
> **Ground Nine**: The cumulative errors committed during Petitioner's trial deprived him of a fair trial and require a reversal of the convictions.

(ECF No. 15).

## II.    STANDARD OF REVIEW

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825) (Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. 2018) (Thapar, J. concurring).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the Supreme Court of the United States.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000) *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).  Deference is also due under 28 U.S.C. § 2254(d)(2) unless the

state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

## III.     LAW AND ANALYSIS

### A.     Ground One: Sufficiency and Weight of the Evidence

Thacker claims his conviction is against the manifest weight of the evidence and is based on constitutionally insufficient evidence.  The Magistrate Judge recommended dismissing this claim because the manifest weight claim is not cognizable in habeas corpus and the Ohio Fourth District Court of Appeals decision on the sufficiency issue was an objectively reasonable application of the controlling federal standard from *Jackson v. Virginia*, 443 U.S. 307 (1979).

In his Objections, Petitioner admitted that the victim had identified him at trial, but argued the twenty-year gap between the offense and trial made that identification questionable.  He also questioned the reliability of the DNA matching that was done, based on claims the test used was unreliable.  In his Supplemental Report the Magistrate Judge rejected Petitioner's reliance on scientific articles questioning the DNA method used because none of them had been made to the trial court or the Fourth District and they were thus required to be excluded under *Cullen v. Pinholster,* 563 U.S. 170, 185 (2011).

Although Petitioner continued to object to the proposed disposition of his sufficiency claim, the Magistrate Judge adequately responded to his continued objections.  The Court overrules Petitioner's objections and adopts the Magistrate Judge's recommendation to dismiss the sufficiency of evidence claim with prejudice.

### B.     Ground Two: Denial of Speedy Trial

The events that led to Petitioner's arrest occurred in December 1999, but Petitioner

was not indicted until May 2018 and not tried until July 2019.  Considering the facts and the

Fourth District's decision on this claim, the Magistrate Judge concluded:

> The State proceeded promptly once Thacker's DNA had been identified as a match with the sample from the crime in suit. Furthermore he showed no prejudice from the delay. Thacker has not shown or even argued that the Fourth District's decision is contrary to or an unreasonable application of *Barker [v. Wingo*, 407 U.S. 514, 530–32 (1972)]. His speedy trial claim should be dismissed with prejudice.

(Report, ECF No. 29. PageID 1065).

Petitioner objected relying on *Doggett v. United States*, 505 U.S. 647 (1992), where the

Supreme Court held delay is presumptively prejudicial where the post-accusation delay

approaches one year. In his Supplemental Report the Magistrate Judge noted Petitioner's

speedy trial argument in the state courts was about pre-accusation delay and still had provided

no evidence of actual prejudice from the delay (Supplemental Report, ECF No. 36, PageID

1093).  In a subsequent Report, the Magistrate Judge cited *United States v. Marion*, 404 U.S.

307 (1971), as the controlling Supreme Court precedent requiring proof of actual prejudice

when an indictment was returned within the statute of limitations (Second Supplemental

Report and Recommendations, ECF No. 39, PageID 1114).

The Court is not persuaded by Petitioner's Objections which are hereby overruled.

The Magistrate Judge's Reports are adopted, and Petitioner's speedy trial claim will be

dismissed with prejudice.

### C.  Ground Three: Juror Misconduct

Petitioner claims he was denied a fair trial by the misconduct of Juror No. 12 who

disclosed at the outset of jury deliberations that she "knew" the victim in that she had once

dated one of the victim's ex-boyfriends.  Although the Magistrate Judge addressed this claim

on the merits and recommended that it be dismissed, Petitioner's Objections lumped this

claim with others and wrote:

### Remaining, Unaddressed, Arguments

> The Magistrate declines to address the remaining arguments, finding them procedurally defaulted. Standing on the arguments as presented in each of the preceding documents Petitioner has submitted, Petitioner contends each argument rises to the level of a manifest injustice. As such, they should be addressed as having overcome the procedural bar.

(Objections, ECF No. 32, PageID 1084).

The failure to file specific objections is a waiver of right to raise issues on appeal.

*Thomas v. Arn*, 474 U.S. 140 (1985); *Alspugh v. Mcconnell,* 643 F.3d 162, 166 (6th Cir. 2011);

*Cowherd v. Million,* 380 F.3d 909, 912 (6th Cir. 2004); *Mattox v. City of Forest Park*, 183 F.3d

515, 519 (6th Cir. 1999); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *United States v.*

*Walters*, 638 F.2d 947 (6th Cir. 1981). Making some objections but failing to raise others will

not preserve all objections a party might have had.  Only specific objections are preserved for

appellate review.  *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).  The

district court need not provide *de novo* review where objections to a magistrate judge's report

and recommendations are frivolous, conclusive, or general.  Parties have a duty to pinpoint

portions of the report that the Court should consider.  *Mira v. Marshall,* 806 F.2d 636 (6th Cir.

1986).  If a party files a general objection and incorporates other papers by reference and that

approach undermines the purposes of the Magistrate's Act, that party will have waived the

right to appeal. *Neuman v. Rivers* , 125 F.3d 315 (6th Cir. 1997).

The Court concludes Petitioner has failed to preserve any objections he might have

had to the Magistrate Judge's recommendation on his juror misconduct claim.  The Court

finds the trial judge complied with *Remmer v. United States*, 347 U.S. 227 (1954).  The

Magistrate Judge's Reports are accordingly adopted, and Petitioner's juror misconduct claim is dismissed with prejudice.

### D.    Ground Four: Ineffective Assistance of Trial Counsel

Thacker claims he received ineffective assistance of trial counsel when his trial attorney: (1) failed to raise the fact that he had not been identified earlier despite three prior felony arrests; (2) failed to object to inflammatory questioning and statements by the prosecutor; (3) failed to contradict State's medical "expert" and failed to challenge State's medical "expert' regarding "hymen" testimony during cross-examination; (4) failed to introduce photos of Appellant or his vehicle in order to directly contradict the claims of Complainant; and (5) failed to investigate and examine each juror about the deliberations and what effect the dismissed juror may have actually had.

Only the first two of these sub-claims were presented to the Ohio courts.  The Fourth District decided them on the merits, holding it was not deficient performance to fail to raise Thacker's felony arrests between the time of the offense and his trial because mandatory DNA collection was not applicable at the time of the prior arrests and that the decision not to object to leading questions was at least arguably sound trial strategy. The Magistrate Judge concluded this was a reasonable application of *Strickland* and the remaining sub-claims were procedurally defaulted.  Petitioner's Objections are purely conclusory. His objections as to the procedural default finding are based on a simple assertion that that will cause "manifest injustice" without producing any evidence of actual innocence such as is required to prove manifest injustice. *See Schlup v. Delo*, 513 U.S. 298, 319 (1995). The Court overrules Petitioner's objections on the ineffective assistance of trial counsel issue and adopts the Magistrate Judge's recommendation.  Petitioner's claims of ineffective assistance of trial

counsel are dismissed with prejudice.

### E.      Ground Five: Non-Compliance with Ohio Crim. R. 16(K)

Thacker claims the State did not comply with Ohio R. Crim. P. 16(K) regarding the disclosure of expert reports.  The Magistrate Judge recommended dismissing this claim because it did not arise under the Constitution.  Petitioner offered no objection.

### F.      Ground Six: Inadmissibility of DNA Evidence

Thacker also claims the State did not comply with chain of custody requirements for admission of the DNA evidence.  The Magistrate Judge recommended this claim be dismissed on the same basis as Ground Five and Petitioner offered no objections.

### G.      Ground Seven: Prosecutorial Misconduct

Thacker claims he was denied a fair trial by acts of prosecutorial misconduct.  The Magistrate Judge found this claim was procedurally defaulted by failure to present it to the Ohio courts.  Thacker's response is the same manifest injustice claim which is unavailing for reasons already given.

### H.      Ground Eight: Denial of Fair Trial: Unkempt Appearance Before the Jury

Thacker claims he was denied a fairs trial when he appeared before the jury without a shower and shave.  The Magistrate Judge recommended dismissal of this claim for lack of a Supreme Court decision in point and procedural default.  Thacker offers no objection except in an unavailing manifest injustice claim.

### I.      Ground Nine: Cumulative Error

Finally, Thacker claims the accumulation of errors at his trial entitles him to habeas relief.  The Magistrate Judge noted this claim was not cognizable in habeas corpus and Thacker has filed no objection.

## IV.    CONCLUSION

Based on the *de novo* review reflected above, Petitioner's Objections (ECF Nos. 32, 37, 42, and 47) to the Magistrate Judge's Reports and Recommendations (ECF Nos. 29, 36, 39, and 44) are **OVERRULED**. The Court **ADOPTS** Magistrate Judge's Reports and Recommendations (ECF Nos. 29, 36, 39, and 44) and orders the entry of judgment **DISMISSING** the Petition with prejudice.

For the reasons stated in the Report and Recommendations and pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would lack an arguable basis in law or in fact and thus would not be taken in good faith. The Court accordingly **DENIES** Petitioner leave to appeal *in forma pauperis*. In accordance with Fed. R. App. P. 24(a)(5), Petitioner remains free to file a motion for leave to proceed on appeal *in forma pauperis* in the Sixth Circuit Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

**IT IS SO ORDERED.**

August 22, 2024

Jeffery P. Hopkins
United States District Judge